**YUPING SUN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–71391.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2011.[*]

Filed March 14, 2011.

Yuping Sun, San Fernando, CA, pro se.

Eric Warren Marsteller, Esquire, Trial, Oil, Carol Federighi, Esquire, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

MEMORANDUM [**]

Yuping Sun, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir.2010). We deny the petition for review.

The agency found Sun not credible because, during her hearing, she held and referred to a typewritten copy of her declaration in support of her asylum application, and provided inconsistent explanations for her possession of it. Substantial evidence supports the agency's adverse credibility determination. *See id.* at 1040–44 (adverse credibility determination was

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

reasonable under the Real ID Act's "totality of the circumstances"); *Malkandi v. Holder*, 576 F.3d 906, 917–19 (9th Cir. 2009). In the absence of credible testimony, Sun's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003).

Sun has not raised any direct challenge to the agency's denial of CAT relief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996) (issues not supported by argument are deemed abandoned).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.